IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MEMORIAL HERMANN HEALTH SYSTEM, | § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. H-13-1280 |
| COASTAL DRILLING COMPANY, LLC EMPLOYEE BENEFIT TRUST, *et al.*, | § § § § | |
| Defendants. | § | |

## MEMORANDUM AND ORDER

This case concerning payment under an employee benefit plan is before the Court on Plaintiff Memorial Hermann Health System's ("Plaintiff") Motion to Remand [Doc. # 7]. Defendants Coastal Drilling Company, LLC Employee Benefit Trust and Coast Drilling ("Defendants") filed a Response [Doc. # 8]. The Motion is ripe for consideration. The Court has carefully reviewed the record, the parties' arguments, and the applicable law, and concludes the Motion to Remand should be **denied.**

### I.   BACKGROUND

On March 27, 2013, Plaintiff filed an Original Petition in the 281st Judicial District Court of Harris County, Texas. *See* Original Petition [Exh. # 2 to Doc. # 1], at 3-10. Defendants removed the case to federal court on May 2, 2013, asserting that

the Court has federal question jurisdiction. *See* Notice of Removal [Doc. # 1], at 1, 4.

## II.  LEGAL STANDARD

Congress allows for removal of a case from state court to federal court when a plaintiff's complaint alleges a claim "arising under" federal law. 28 U.S.C. § 1331; *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 6 (2003). Generally, "[t]he presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) (citation omitted). Under the well-pleaded complaint rule, the plaintiff is "the master of the claim" and may avoid federal jurisdiction by exclusively relying on state law, even where a federal claim is also available. *Id.* "The removing party bears the burden of showing that federal jurisdiction exists and that removal was proper." *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) (citations omitted).

## III.  ANALYSIS

Plaintiff argues that the case should be remanded because it asserts an independent state law claim for breach of contract that is not preempted by section 502(a) or section 514(a) of the Employee Retirement Income Security Act ("ERISA"). However, Plaintiff raises two claims in its Original Petition, the state law breach of

contract claim and a claim under section 1002(1) of ERISA.  ERISA is a federal statute.  *See* 29 U.S.C. § 1001, *et seq.*; Original Petition, at 8 (referring to Plaintiff's second claim as a "federal claim").  Because Plaintiff raises a claim arising under a federal statute, a federal question is presented on the face of Plaintiff's Original Petition.[1]  *See* 28 U.S.C. § 1331; *see also Tittle v. Enron Corp.*, 463 F.3d 410, 417 (5th Cir. 2006).  Accordingly, this Court has subject matter jurisdiction.  Plaintiff's Motion to Remand is denied.

### IV. CONCLUSION

Based on the foregoing, it is hereby

**ORDERED** that Plaintiff's Motion to Remand [Doc. # 11] is **DENIED.**

**SIGNED** at Houston, Texas, this 25th day of **July, 2013.**

_____
Nancy F. Atlas
United States District Judge

---

[1] The Court may exercise supplemental jurisdiction over Plaintiff's state law breach of contract claim because it forms "part of the same case or controversy" as Plaintiff's ERISA claim.  *See* 28 U.S.C. § 1367(a).